UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LONI EUBANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-02149-TWP-MKK |
| | ) |
| O'CONNER, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*,
DENYING MOTION FOR ASSISTANCE WITH RECRUITING COUNSEL,
AND DENYING REQUEST TO STAY PROCEEDINGS**

This matter is before the Court on Plaintiff Loni Eubanks ("Mr. Eubanks") Motion for Appointment of Counsel, (Dkt. 5), Motion for Leave to Proceed *in forma pauperis* (Dkt. 7) and request to stay this action. Mr. Eubanks, who is incarcerated at Plainfield Correctional Facility, brought this civil action alleging that Defendant O'Conner deprived him of property without due process. The Court will address each motion below.

### I.  Granting Motion for Leave to Proceed *in forma pauperis*

Mr. Eubanks' motion for leave to proceed *in forma pauperis*, (Dkt. 7), is **granted**. He is assessed an initial partial filing fee of twenty dollars and eighty cents ($20.80). He shall have **through April 26, 2024**, to pay this sum to the clerk of the district court.

Mr. Eubanks is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to

Mr. Eubanks and his custodian, and the court will screen the complaint in accordance with 28 U.S.C. § 1915A.

## II. Denying Motion for Assistance with Recruiting Counsel

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a *pro bono* assignment in every *pro se* case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation.

The Court has prepared a form motion for indigent litigants to use when asking for help recruiting counsel. The form requests the information necessary for the Court to assess the merits of the motion and requires the litigant to acknowledge important conditions of the appointment of counsel. Mr. Eubanks' motion for appointment of counsel, (Dkt. 5), is **denied without prejudice** because it provides neither sufficient information to make a merits determination nor an acknowledgement of the conditions of the appointment of counsel. If Mr. Eubanks later wishes to

file a motion for assistance with the recruitment of counsel, he should use the form motion for assistance with recruiting counsel included with his copy of this Order.

### III. Denying Request for Stay of Proceedings

In both his motion for assistance with recruiting counsel and his motion for leave to proceed *in forma pauperis*, Mr. Eubanks requests a stay of this action until his release from custody. (Dkt. 5; Dkt. 7). That request is **denied**. The Court must be permitted to effectively manage its docket, and a six-month stay of proceedings would prevent the Court from doing so. If Mr. Eubanks wishes, he may voluntarily dismiss this action now and refile after his release, so long as he complies with the applicable statute of limitations and all other procedural requirements. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

### IV. Conclusion

Mr. Eubanks' motion for leave to proceed *in forma pauperis*, dkt. [7], is **GRANTED**. Mr. Eubanks is assessed an initial partial filing fee of twenty dollars and eighty cents ($20.80). He shall have **through April 26, 2024**, to pay this sum to the clerk of the district court Mr. Eubanks' motion for appointment of counsel, dkt. [5], is **DENIED without prejudice**. Mr. Eubanks' request for stay of proceedings is **DENIED**.

**IT IS SO ORDERED.**

Date: 3/26/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LONI EUBANKS
119689
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168